ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, October 17, 2017 4:51:48 PM
CASE NUMBER: 2017 CV 04869 Docket ID: 31451634
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| MICHAEL R. STROUSE<br>3751 Mill Drive<br>Zanesville, Ohio 43701<br><br>and<br><br>TERRI LYNN HILES-STROUSE<br>3751 Mill Drive<br>Zanesville, Ohio 43701<br><br>Plaintiffs<br><br>vs.<br><br>PARSONS GOVERNMENT SUPPORT SERVICES, INC.<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219<br><br>and<br><br>TRAILBOSS ENTERPRISE, Inc.<br>c/o Corporation Services Company, Statutory Agent<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>and<br><br>MICHAEL MASSENGILL<br>1328 Cameron Avenue<br>Springfield, Ohio 45503<br><br>and<br><br>RON MOORE<br>c/o Parsons Government Support Services, Inc.<br>1301 W. President George Bush Hwy.<br>Richardson, Texas 75080<br><br>and | Case No.<br><br>Judge<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br>**Jury Demand Endorsed Hereon** |

1

| | |
|---|---|
| **JOHN DOE DEFENDANTS #1-10**<br>Names and Addresses<br>Unknown to Plaintiffs<br><br>    Defendants. | :<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs Michael R. Strouse and Terri Lynn Hiles-Strouse, by and through counsel, for their causes of action hereby state as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Michael R. Strouse was a resident of Zanesville in Muskingum County, Ohio.

2. At all times relevant hereto, Plaintiff Terri Lynn Hiles-Strouse was a resident of Zanesville in Muskingum County, Ohio.

3. At all times relevant hereto, Defendant Parsons Government Support Services, Inc. (hereinafter "Parsons") was a foreign corporation, incorporated under the laws of the State of Texas and authorized to do business in the State of Ohio, which provided services to the federal government as a government services contractor.

4. At all times relevant hereto, Defendant Trailboss Enterprises, Inc. (hereinafter "Trailboss") was a foreign corporation, incorporated under the laws of the State of Texas and authorized to do business in the State of Ohio, which provided services to the federal government as a government services contractor.

5. At all times relevant hereto, Defendant Michael Massengill was a resident of Springfield in Clark County, Ohio and was an employee and/or agent of Defendants Parsons and/or Trailboss and/or John Doe Defendants #1-10.

2

6. At all times relevant hereto, Defendant Ron Moore, residence unknown, was an employee and/or agent of Defendants Parsons and/or Trailboss and/or John Doe Defendants #1-10.

7. At all times relevant hereto, John Doe Defendants #1-10 were individuals, partnerships, or corporations organized and existing under the laws of the State of Ohio or some other state of the United States of America or some foreign jurisdiction, and that said Defendants were residents of the State of Ohio and/or conducting and/or regularly conducted business in the State of Ohio.

8. The true names and capacities (whether individual, partnership, corporation or otherwise) of John Doe Defendants #1-10 could not be discovered by Plaintiffs at this time, and Plaintiffs have sued these unknown Defendants under these fictitious names.

9. When the true names of said John Doe Defendants #1-10 have been ascertained, Plaintiffs will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court by Ohio Rev. Code § 2305.01.

11. Venue is proper in Montgomery County, Ohio by virtue of Rule 3(B)(6) of the Ohio Rules of Civil Procedure since all or part of the claim for relief arose in Montgomery County, Ohio.

## SERVICE OF PROCESS

12. Service of Process is permitted upon the Defendants by virtue of Rule 4.2(A) and (F) of the Ohio Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

13. At all times relevant hereto, Plaintiff Michael R. Strouse was employed as a civilian firefighter by the United States government and was working at Wright Patterson Air Force Base located in Montgomery County, Ohio.

14. On October 19, 2015, Plaintiff Michael R. Strouse was working at the Fire Training Center located on Riverview Road and was participating in an aircraft live fire training evolution utilizing crash vehicle 23.

15. Prior to October 19, 2015, crash vehicle 23 had been removed from service and had sat outside, unused, for over a year before being placed back in service. On or about October 9, 2015, Defendant Ron Moore completed a Vehicle Incoming Inspection report on crash vehicle 23 which indicated that it was necessary to replace batteries and repair the ball valve. The work order reflects that Defendant Moore replaced the ball valve in 1.5 hours. Defendant Michael Massengill and/or John Doe Defendants #1-10 assisted with the maintenance and repair.

16. There was a shortage of firefighting vehicles available on the Base and crash vehicle 23 was required to be used to meet the minimum requirements for vehicles, even though it had not been properly tested or appropriately certified.

17. On October 19, 2015, the crew was located inside crash vehicle 23. Plaintiff was seated on the left of the operator, Firefighter Tim Frantz, who was seated in the middle seat. Captain Howells was seated to the right of Firefighter Frantz.

18. The crew approached the aircraft from the front and started to fight the fire with the roof turret. Captain Howells removed two clevis pins from the roof turret control inside the cabin of the vehicle and the crew began spraying water on the target.

4

19. Soon thereafter, Plaintiff heard a loud "pop" when the roof turret assembly blew out of the housing through the roof, discharging aqueous film fighting foam ("AFFF") directly into the cab and out the roof top shooting up to 50 feet in the air. A stream of high pressure water and AFFF foam struck Plaintiff directly in the eyes.

20. When the crew exited the vehicle, Plaintiff Michael R. Strouse was completely covered with AFFF.

21. The medic on the scene, as well as other members of the team, attempted to flush Plaintiff's eyes before he was transported to the base medical center for further treatment. As a result of the incident, Plaintiff sustained injuries including, but not limited to, permanent injuries to his eyes resulting in a loss of vision.

## PLAINTIFFS' FIRST CAUSE OF ACTION
[Negligence]

22. Plaintiffs incorporate all allegations contained in the preceding paragraphs as if fully rewritten herein.

23. At all times relevant hereto, Defendants Massengill, Moore, and/or John Doe Defendants #1-10 were employees and/or agents of Defendants Parsons and/or Trailboss and/or John Doe Defendants #1-10.

24. At all times relevant hereto, Defendants Parsons and/or Trailboss and/or John Doe Defendants #1-10 provided services to Wright Patterson Air Force Base as government service contractors and were responsible for inspection, maintenance and repair of equipment used on the Base including, but not limited to, crash vehicle 23.

25. At all times relevant hereto, Defendants Massengill, Moore, and/or John Doe Defendants #1-10, were acting in the course and scope of their employment and/or agency

relationship with Defendants Parsons and/or Trailboss and/or John Doe Defendants #1-10 while engaged in the inspection, maintenance and repair of crash vehicle 23.

26. At all times relevant hereto, Defendants Parsons, Trailboss, Massengill, Moore, and/or John Doe Defendants #1-10 owed a duty of reasonable care to Plaintiff Michael R. Strouse and other employees of Wright Patterson Air Force Base to inspect, maintain and repair crash vehicle 23 to make it safe for ordinary use.

27. Defendants Parsons, Trailboss, Massengill, Moore, and/or John Doe Defendants #1-10 breached the duty of reasonable care owed to Plaintiff Michael R. Strouse and were negligent by failing to inspect, maintain and repair crash vehicle 23 to make it safe for ordinary use.

28. As a direct and proximate result of the negligent acts and/or omissions of Defendants Parsons, Trailboss, Massengill, Moore, and/or John Doe Defendants #1-10, Plaintiff Michael R. Strouse was injured when the roof turret assembly blew out of the housing through the roof, discharging AFFF onto the occupants of crash vehicle 23, including Plaintiff Michael R. Strouse.

29. As a direct and proximate result of the negligence of these Defendants, Plaintiff Michael R. Strouse sustained serious injuries to his eyes, resulting in a loss of vision, as well as other physical injuries and damages, mental anguish, and extreme emotional distress which have required extensive medical care and treatment, with associated medical costs, suffered a loss of income and loss of earning capacity, as well as the loss of enjoyment of life through his inability to perform usual and customary activities.

30. Since the injuries to Plaintiff Michael R. Strouse are permanent, he will require additional care and treatment, will incur further medical expenses for said treatment, and will thus

suffer continued physical pain, mental anguish and ongoing emotional distress, loss of income and loss of earning capacity, as well as loss of enjoyment of life through his inability to perform usual and customary activities, indefinitely into the future.

## PLAINTIFFS' SECOND CAUSE OF ACTION
### [Loss of Consortium]

31. Plaintiffs incorporate all allegations contained in the preceding paragraphs as if fully rewritten herein.

32. At all times relevant herein, Plaintiff Terri Lynn Hiles-Strouse was the wife of Plaintiff Michael R. Strouse.

33. By virtue of the conduct of the named Defendants individually, as well as jointly and severally, by and through agents and/or employees, that caused the resulting injuries to her husband, Plaintiff Terri Lynn Hiles-Strouse sustained a loss of society, companionship, services, attention, consortium, and care, and also sustained mental anguish and lost wages in connection with the treatment, care and injuries sustained by Plaintiff Michael R. Strouse.

**WHEREFORE**, Plaintiffs Michael R. Strouse and Terri Lynn Hiles-Strouse demand judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, special, and medical damages in an amount greater than Twenty-Five Thousand Dollars ($25,000), together with the costs herein expended, and such other relief as may be just and appropriate in this case.

Respectfully submitted,

Daniel N. Abraham (0023457)
**COLLEY SHROYER & ABRAHAM CO., L.P.A.**
536 South High Street
Columbus, Ohio 43215
Telephone: (614) 228-6453
Fax: (614) 228-7122
E-mail: dabraham@csajustice.com
*Attorney for Plaintiffs*

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and demand that the within matter be tried by a jury of eight (8).

Daniel N. Abraham (0023457)
*Attorney for Plaintiff*