MICHAEL R. STROUSE, *et al.*,

        Plaintiffs,                        Case No. 3:17-cv-396

vs.

PARSONS GOVERNMENT SUPPORT      District Judge Thomas M. Rose
SERVICES, INC., *et al.*,                Magistrate Judge Michael J. Newman

        Defendants.

---

## ORDER AND ENTRY: (1) GRANTING THE PARTIES' JOINT MOTION FOR AN EXTENSION OF DEADLINES (DOC. 60); AND (2) AMENDING THE COURT'S PREVIOUSLY ISSUED SCHEDULING ORDER

---

This civil case is before the Court on the parties' joint motion for extension of deadlines in this case. Doc. 60. For good cause shown, and absent objection, the parties' motion (doc. 60) is **GRANTED**. The Court hereby amends the previously issued Scheduling Order (doc. 52) and sets the following deadlines and dates:

| | | |
|---|---|---|
| 1. | Settlement demand by Plaintiffs: | **November 4, 2019** |
| 2. | Disclosure of lay witnesses: | **December 4, 2019** |
| 3. | Plaintiffs' primary expert disclosures: | **February 3, 2020** |
| 4. | Defendants' primary expert disclosures: | **March 2, 2020** |
| 5. | Plaintiffs' rebuttal expert disclosures: | **April 1, 2020** |
| 6. | Defendants' rebuttal expert disclosures: | **April 1, 2020** |
| 7. | Deadline for making requests for admissions: | **April 1, 2020** |

8.  Discovery deadline[1]:                                    **May 1, 2020**

9.  Status conference with Judge Rose[2]:                     **May 21, 2020 at 10:00 am**

10. Summary judgment motion deadline:                         **June 1, 2020**

11. Final Pretrial Conference with Judge Rose:                **December 10, 2020 at 10:00 am**

12. Jury trial:                                               **January 11, 2021 at 9:00 am**

If the parties desire assistance, they are directed to file a motion requesting a status conference with the Court.  Likewise, prior to filing motions to compel discovery, the parties must meet and confer to resolve their dispute and, thereafter, are directed to move for an informal discovery conference.  The parties shall immediately inform the Court if they anticipate that discovery cannot be completed prior to the discovery deadline set forth above or if the case settles.

**IT IS SO ORDERED**.

Date:   May 7, 2019                          s/ Michael J. Newman
                                            Michael J. Newman
                                            United States Magistrate Judge

---

[1] The parties are reminded of their continuing duty to update their discovery responses pursuant to Fed. R. Civ. P. 26(e).  This includes responses to initial disclosures pursuant to Rule 26(a), as well as interrogatories, requests for production, and requests for admission.  Further, the discovery deadline means that all discovery must be concluded, as opposed to simply requested, by the discovery date.  Further, absent approval by the Court, there will be no continuation of discovery beyond the discovery deadline.  If counsel or the parties extend discovery by agreement, there will be no supervision or intervention by the Court, such as a Fed. R. Civ. P. 37 request for sanctions, without a showing of extreme circumstances.  Parties who undertake discovery beyond the discovery deadline do so at the risk the Court may not permit its completion before trial.

[2] This conference is scheduled with Judge Rose to discuss possible alternative dispute resolution mechanisms.