UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL R. STROUSE, *et al.*,

    Plaintiffs,

vs.

PTSI MANAGED SERVICES, INC., *et al*.,

    Defendants.

Case No. 3:17-cv-396

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES (DOC. 66); (2) DIRECTING COUNSEL FOR THE PARTIES TO CONFER REGARDING LITIGATION DATES; AND (3) ORDERING THE PARTIES TO JOINTLY FILE A PROPOSED AMENDED RULE 26(F) REPORT TO THE COURT WITHIN 21 DAYS FROM THE ENTRY OF THIS ORDER**

---

This civil case is before the Court on Plaintiffs' motion for extension of deadlines, including, *inter alia*, the expert disclosure and discovery deadlines. Doc. 66. Defendant Trailboss Enterprise, Inc. ("Trailboss") filed a memorandum in opposition to Plaintiffs' motion. On March 4, 2020, the Court held a hearing by telephone on Plaintiffs' motion. Doc. 68. Attorneys Daniel Abraham, Daniel Hurley, John Gilligan, and Heather Adams participated. *Id*. During that hearing, the Court heard extensive argument from counsel. *Id*. The undersigned has carefully considered all of the foregoing, and Plaintiffs' motion is ripe for decision.

**I.**

Plaintiff Michael Strouse worked as a civilian firefighter for the United States government at Wright Patterson Air Force Base ("WPAFB") and alleges that he suffered serious injuries -- including permanent injuries to his eyes and the loss of vision -- during a training exercise at

WPAFB while using a negligently maintained and repaired firefighter truck. Doc. 21. Plaintiffs[1] originally filed this action in the Montgomery County, Ohio Court of Common Pleas on October 18, 2017 alleging, *inter alia*, that Defendants were negligent in their inspection, maintenance, and repair of the fire truck used by Plaintiff at the time of the incident. Doc. 1-3.

Defendants removed the case to this Court on November 16, 2017 on the basis of federal question jurisdiction under 28 U.S.C. § 1331, *i.e.*, jurisdiction founded upon the fact that the incident occurred at WPAFB, which is a federal enclave. Doc. 1; *see Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves'").

On February 1, 2018, the Court entered a Preliminary Pretrial Order setting an initial discovery deadline of March 29, 2019. Doc. 14. Soon after the commencement of discovery, however, the parties began encountering delays in receiving information from the United States Air Force in response to subpoenas, as well as delays in locating and setting a time to inspect the fire truck at issue. *See* doc. 42. Because of these delays, the Court granted the parties' joint motion to extend deadlines and amended the Preliminary Pretrial Conference Order by, *inter alia*, extending Plaintiffs' primary expert disclosure deadline to April 5, 2019 and extending the discovery deadline until September 30, 2019. Doc. 52. After entry of the first amended litigation schedule, the parties continued to encounter delays in receiving information from the Air Force. *See* doc. 58. Accordingly, in early-April 2019, the Court further extended pretrial deadlines and set Plaintiffs' primary expert witness disclosure deadline for February 3, 2020 and extending the discovery deadline until May 1, 2020. Docs. 60, 63.

---

[1] Plaintiff Michael Strouse's wife, Terri Lynn Hiles-Strouse, is also a Plaintiff in this case and asserts a loss of consortium claim. *Id.*

On February 3, 2020, Plaintiffs served an expert witness disclosure that, without dispute, does not comply with all the requirements set forth in Fed. R. Civ. P. 26.[2] According to Plaintiffs' counsel, reports from Plaintiffs' experts cannot be completed until all fact witness depositions have been conducted and, to date, Plaintiffs' counsel has been unable to conduct depositions. *See* doc. 66. In fact, to date, it appears that the only depositions that have taken place in this case are the depositions of Plaintiffs themselves.

Following receipt of Plaintiffs' expert disclosure, counsel for Defendants conferred with Plaintiffs' counsel and, noting that Plaintiffs' expert disclosures were not in compliance with Rule 26, sought an agreement from Plaintiffs that such expert testimony should be excluded from this case. Doc. 67. As a result of those conversations between counsel, Plaintiffs filed the instant motion seeking an extension of the expert disclosure deadlines and, in addition, timely seeking an extension of the deadline to complete discovery. Doc. 66.

**II.**

A scheduling order issued under Rule 16 "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendants argue that good cause does not exist because Plaintiffs have not diligently sought discovery in this case and because they did not confer without defense counsel prior to seeking the requested extension. Doc. 67.

---

[2] Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." In addition to the mere disclosure of each expert's identity, the disclosure must "be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). For experts not retained or specially employed to provide expert testimony, *e.g.*, treating doctors, the disclosure must include a statement regarding: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The undersigned does not completely agree with Defendants' contention that Plaintiffs have not diligently sought discovery in this case and, instead, concludes that the documents provided by Plaintiffs in support of their motion show sufficient diligence in that regard. Insofar as Defendants argue that the requested extensions should be denied because Plaintiffs failed to confer with opposing counsel prior to moving for such extensions, the undersigned excuses such failure because it reasonably appears that such efforts would have been futile. Accordingly, Plaintiffs' timely request to extend the discovery deadline -- which is not set to expire for another two months -- is supported by good cause and, therefore, is **GRANTED**.

The request to extend Plaintiffs' primary expert disclosure deadline is a different inquiry because that deadline expired prior to the filing of Plaintiffs' motion. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether excusable neglect exists, the Court must balance five factors, namely: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Defendants argue that excusable neglect does not exist because, again, they contend that Plaintiffs have not diligently sought the discovery they need to produce expert reports. Doc. 67. In addition, Defendants argue that no additional discovery is needed in order for Plaintiffs to produce medical, vocational, and forensic economic expert opinions and, therefore, Plaintiffs provide no excuse to support their failure to timely provide full disclosures in that regard. *Id*.

However, the undersigned finds merit to Plaintiffs' suggestion that the piecemeal disclosure of expert reports would not, given the posture of the case, significantly advance the completion of discovery.

In weighing the required factors, the undersigned concludes that the danger of prejudice to Defendants resulting from granting the requested extension is minimal, especially in light of the further extended discovery deadline. To further minimize any potential prejudice to Defendants, the undersigned is willing to accommodate preferences in further amended expert disclosure deadlines. *See infra*. The Court is concerned about the further delay in bringing this case to a resolution, but the significant delays the case thus far has largely been outside the control of the parties. Instead, the delays in this case have largely resulted from difficulties inherent in seeking information from the United States Air Force. Finally, there is no evidence or credible suggestion of bad-faith on the part of Plaintiffs in seeking the requested extensions. Accordingly, the undersigned, while certainly sensitive to Defendants contentions regarding the lengthy pendency of this case, finds good cause and excusable neglect sufficient to **GRANT** Plaintiffs' request to extend the expert disclosure deadlines.

### III.

Accordingly, Plaintiffs' motion to extend deadlines is **GRANTED**. Doc. 66. The Amended Scheduling Order in this case (doc. 63) is **VACATED**. The parties are **ORDERED** to confer and to file an amended Rule 26(f) report within 21 days from the entry of this Order. To offer guidance in selecting extended deadlines in this case, the Court would defer to the reasonable preferences of Defendants with regard to such dates. Following receipt of the parties' amended Rule 26(f) report, the Court will issue a revised litigation schedule.

**IT IS SO ORDERED.**

Date:  March 9, 2020                             s/ Michael J. Newman            
                                                 Michael J. Newman
                                                 United States Magistrate Judge